UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-00203-MWC-PD                                   Date: March 26, 2025

Title     <u>Valerie L. Flores v. California Highway Patrol, et. al.</u>

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings (In Chambers):  Order to Show Cause Why the Complaint Should Not be Dismissed as Duplicative**

On October 7, 2024, Plaintiff Valerie L. Flores ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 and a request to proceed *in forma pauperis* ("IFP") in the United States District Court for the Northern District of New York.  [Dkt. Nos. 1, 2.]  On October 22, 2024, Plaintiff filed an Amended Complaint.  [Dkt. No. 4.]  On January 23, 2025, a Decision and Order was issued by the Northern District of New York transferring the case to the Central District of California (the "2025 Case") because all of the Defendants reside in California and venue is therefore proper in the Central District.  [Dkt No. 7.]  On March 4, 2025, this Court granted Plaintiff's request to proceed without prepayment of fees.  [Dkt. No. 10.]

The Amended Complaint names as Defendants: Amber Vang; Sacramento Family Justice Center; Rebecca Irwin (social worker); San Bernardino County; West Valley Detention Center; Jessica Gandara (San Bernardino Cunty Public Defender's Office); Dr. Charles Leeb; Ontario Police Department; California Highway Patrol; San Bernardino County Sheriff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-00203-MWC-PD                                    Date: March 26, 2025

Title   <u>Valerie L. Flores v. California Highway Patrol, et. al.</u>

Department; Glen Helen Rehabilitation Center; Dr. Amy Gaedelis; Judge Melissa Rodriguez; and Anaheim Community Hospital.  [Dkt. No. 4 at 1.[1]]  Plaintiff alleges that Defendants violated her civil rights, engaged in cruel and unusual punishment, gender discrimination, and violated the Americans with Disabilities Act ("ADA").  [Id. at 2-16.]

## I.   Pertinent Procedural History

Previously, on June 10, 2024, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York, along with a request to proceed *in forma pauperis* ("IFP request"), naming most of the same defendants.  *See Flores v. Vang, et al.*, 5:24-cv-01347-MWC-PD (the "2024 Case"), Dkt. Nos. 1, 2.  On June 14, 2024, a Transfer Order was issued by the Southern District of New York transferring the case to this Court.  [Dkt. No. 4.]  On July 3, 2024, this Court granted Plaintiff's request to proceed without prepayment of fees.  [Dkt. No. 7.]  On July 31, 2024, this Court screened the Complaint and gave Plaintiff leave to amend and file a First Amended Complaint.  [Dkt. No. 8.]   Plaintiff filed a First Amended Complaint, and on December 6, 2024, filed a Second Amended Complaint.  [Dkt. Nos. 10, 14.]

On March 21, 2025, the Court issued a screening order dismissing the Second Amended Complaint with leave to amend.  [Dkt. No. 35.]

---

[1]   The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-00203-MWC-PD                                    Date: March 26, 2025

Title   *Valerie L. Flores v. California Highway Patrol, et. al.*

## II.   Discussion

The Court is required to screen *pro se* complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it merely "repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations and internal quotations omitted).  "A duplicative action, arising from the same series of events and alleging many of the same facts as an earlier suit may be dismissed as frivolous or malicious under Section 1915(e)." *Lewis v. Ugwueze,* 2020 WL 5899515, at *1 (E.D. Cal. Sep. 9, 2020). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688 (9th Cir. 2007).

In assessing whether the second action is duplicative of the first, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Parker v. Yates*, 2012 WL 3912958, at *1 (E.D. Cal. Sept. 7, 2012).

Upon review, the Court finds that this action – the 2025 case – is substantively identical to Plaintiff's 2024 Case.  In the 2024 Case, Plaintiff raises the same claims against almost all of the same defendants and alleges an almost identical set of facts.  As such, this action is subject to dismissal as duplicative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-00203-MWC-PD                                    Date: March 26, 2025

Title      _Valerie L. Flores v. California Highway Patrol, et. al._

**III.   Order**

For the foregoing reasons, by **April 22, 2025**, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Amended Complaint be dismissed as duplicative.  _See_ 28 U.S.C. § 1915(e)(2)(B).

If, given the contents of this Order, Plaintiff elects not to proceed in this action, she may expedite matters by signing and returning the **attached Notice of Dismissal by April 22, 2025,** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, her failure to timely file a response to this Order or Notice of Dismissal, may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)