1
2
3
4
5
6
7
8

### UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10
11    VALERIE FLORES,                    Case No. 5:25-cv-00203-MWC-PD

12                    Plaintiff,         **ORDER DENYING VARIOUS**
                                         **MOTIONS AND DISMISSING**
13              v.                       **FIRST AMENDED**
                                         **COMPLAINT AS**
14    CALIFORNIA HIGHWAY PATROL,         **DUPLICATIVE**
      et al.                             **[DKT. NOS. 4, 14, 16]**
15
16                    Defendants.

17
18
19    **I.      Background**

20          On October 22, 2024, Plaintiff Valerie Flores ("Plaintiff"), proceeding

21    pro se, filed her "Amended Complaint" ("First Amended Complaint" or "FAC").

22    [Dkt. No. 4.]  On March 26, 2025, Plaintiff was ordered to show cause by April

23    22, 2025 why the Court should not recommend that the FAC be dismissed as

24    duplicative ("OSC").[1]  [Dkt. No. 11.]

25          On April 14, 2025, Plaintiff opposed the OSC, moved for consolidation of

26    her cases, sought reconsideration of the OSC, and noticed her appeal of the

27    ───────────────

28    [1] This is one of three cases filed by Plaintiff that are currently in the Central
      District of California.  The others are *Flores v. Vang*, Case No. 5:24-cv-01347-MWC-
      PD and *Flores v. Vang*, Case No. 5:24-cv-02063-KK-PD.

OSC.  [Dkt. Nos. 12, 14, 15.]  On April 22, 2025, Plaintiff moved to dismiss the OSC as duplicative, seal this case in its entirety, add information to her pleading, and enter default judgment on defendants.  [Dkt. No. 16.]

On May 28, 2025, the Ninth Circuit dismissed the appeal for lack of jurisdiction because the OSC was not final or immediately appealable.  [Dkt. No. 17.]  On June 20, 2025, the Ninth Circuit's judgment took effect.  [Dkt. No. 18.]

## II.    Motion to Consolidate Cases and for Reconsideration

On April 14, 2025, Plaintiff requested consolidation of her three pending cases in this district: *Flores v. Vang*, Case No. 5:24-cv-01347-MWC-PD; *Flores v. Vang*, Case No. 5:24-cv-02063-KK-PD; and this action, *Flores v. Vang*, 5:25-cv-00203-MWC-PD.  [Dkt. No. 14.]  Plaintiff argues consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the cases involve common questions of law and fact, can streamline proceedings, reduce litigation costs, and avoid conflicting judgments.  [*Id.*]  However, in the initial case (No. 5:24-cv-01347-MWC-PD), the Court extended the deadline to July 17, 2025 for Plaintiff to file a (third) amended complaint if she chooses to do so.  [Dkt. No. 38 in Case No. 5:24-cv-01347-MWC-PD.]  By amending the pleading in her initial case, she can include all of the parties, allegations, and claims from the three pending cases.  Given these circumstances, dismissal of this case is more appropriate than consolidation.

Plaintiff also requested reconsideration of the OSC and judicial staff assistance with assigning a time for a hearing on the motion.  [Dkt. No. 14.]  However, Plaintiff does not provide any reasons for the requested reconsideration.  Thus, there is no basis for reconsideration and no need for a hearing on the motion.  In addition, Plaintiff has been advised of the publicly available information on how to contact the information and intake divisions of the Court and access specific information on scheduling and procedures.

[Dkt. No. 39 in Case No. 5:24-cv-01347-MWC-PD.]  Plaintiff may use the publicly available information provided to her.

The Motion to Consolidate Cases and for Reconsideration is Denied. [Dkt. No. 14.]

### III.    Motion to Dismiss the Last Entry by Court as Duplicative, Motion to Seal Case in Its Entirety, and Motion to Add Additional Information [Dkt. No. 16]

On April 25, 2025, Plaintiff moved for dismissal of the OSC as duplicative, sealing of the entire case, and addition of more information.  [Dkt. No. 16.]  At the end of the motion, Plaintiff also requested default judgment against defendants.  [*Id.*]  Plaintiff filed the same motion in each of her three cases.  [Dkt. No. 37 in *Flores v. Vang*, 5:24-cv-01347-MWC-PD; Dkt. No. 21 in *Flores v. Vang*, 5:24-cv-02063-KK-PD.]

Plaintiff moves the Court to strike the OSC based on her claim that the FAC is not duplicative of her pleadings in the other cases.  However, Plaintiff has not explained how her pleading in this case is not duplicative of her pleadings in the other cases.  There is no basis for dismissing, striking, or vacating the OSC.

As to the remaining requests for relief, in the initial case these exact requests were denied.  [Dkt. No. 39 in *Flores v. Vang*, Case No. 5:24-cv-01347-MWC-PD.]  The Court adopts that analysis here and concludes Plaintiff has not met the compelling reasons standard for sealing the entire case, her request for leave to amend is moot because she currently has leave to amend in her initial case, and there is no basis for default judgment.

The Motion to Dismiss the Last Entry by Court as Duplicative, Motion to Seal Case in Its Entirety, and Motion to Add Additional Information is Denied.  [Dkt. No. 16.]

3

1

**IV.    Dismissal is Appropriate Since Plaintiff Has Not Shown Cause**

On April 14, 2025, Plaintiff opposed the OSC by submitting a declaration under penalty of perjury.  [Dkt. No. 15.]  She argues:  the FAC is not duplicative as there are several new points mentioned in it; there were new developments in the case from the opening of the case to the filing of the FAC; she added new parties to the FAC, including employees of the State Bar of California who she feels discriminated against her based on her race; she would like further leave to amend to add the California Crime Victim Compensation Organization as a defendant in this matter; and she would like further leave to amend to add an individual who she alleges physically assaulted her.  [*Id.*]  She also alleges one defendant might be stalking her and multiple entities have not complied with her records requests.  [*Id.*]

It is well-established that a plaintiff is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.  There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894).  This means that plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted)).  District courts have "broad discretion to control their dockets" and "may exercise [their] discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams,* 487 F.3d at 688.

To determine whether a suit is duplicative, the Ninth Circuit "use[s] the transaction test, developed in the context of claim preclusion." *Id*. at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The Ninth Circuit has identified four criteria for courts to consider in evaluating whether two actions are duplicative:

    (1)    whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;

    (2)    whether substantially the same evidence is presented in the two actions;

    (3)    whether the two suits involve infringement of the same right; and

    (4)    whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The "most important factor is whether the two suits arise out of the same transactional nucleus of facts." *Mendoza*, 30 F.4th at 887 (internal quotation marks omitted).

In both this case and *Flores v. Vang*, Case No. 5:24-cv-01347-MWC-PD, Plaintiff pleads violations of the same rights (factor three) based on the same nuclei of facts (factor four) and the same evidence (factor two) against almost all of the same defendants. The rights and interests that would be established in the prosecution of one action would necessarily implicate those same rights and interests by prosecution of the other (factor one). Thus, this case is duplicative of the initial case.

Plaintiff has not shown cause why this case should not be dismissed as duplicative. Her desire to further amend her pleading in this case does not

5

negate the fact that her FAC in this case is duplicative.  In addition, because
she has already been granted leave to amend the pleading in the initial case,
it would only cause unnecessary confusion, cost, and delay to also provide her
further leave to amend in this case.  Thus, dismissal of this case is
appropriate.

The First Amended Complaint in this case is duplicative of the pleading
in *Flores v. Vang*, Case No. 5:24-cv-01347-MWC-PD, and leave to amend is
not warranted. For these reasons, the FAC is DISMISSED without leave to
amend.  [Dkt. No. 4.]

IT IS SO ORDERED.

Dated: June 30, 2025

_____
MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE